Chancellor Marshall
delivered the decree of the court,
The object of the bill in this case is, that complainants should be permitted to follow certain funds which were taken by Alexander M’F. from the copartnership of *241 M’Fariane & Wells, trading under the firm of Alexander M’F. and carried by him into a partnership, subsequently entered into, of M’F. & Player, and since that, transferred by their bankruptcy under the law, to their assignees.
It has been contended for the complainants, that they, as the representatives of E. Wells, the copartner of A. M’F. have a right to follow these funds so taken; that they have a lien on them, and can claim them in the hands of the assignees, preferably to their other creditors. It has been also contended, that the taking of these funds by M’F. (being an act done as a partner) was to all purposes a trust- which attached to them, throughout their whole subsequent progress, and protected them from the effect of M’F. Sc P’s.-bankruptcy. The only evidence which clearly and distinctly proved the taking or appropriation of any of the funds of M’Fariane and Wells, by Alexander M’F. and carried into the copartnership of M’F. & P. related to three sums, viz: one of 693/. 4s. 10d. proved by the answer of Player, one of the defendants, and the books of Alexander M’F. to have been brought by Alexander M’F. into the partnership of M’F. & P. also the sum of 482/. received by one Peitring, from J. Tunno of London, in consequence of a letter of credit from Alexander M’F. ■(M’F. & Wells,) on J. Tunnó, which sum he received, and afterwards paid the amount to M’F. & P. who never remitted the same to J. Tuqno, but appropriated it to their own use, leaving the estate of the copartner Wells, answerable to Tunno. The last sum is that of 1864 received by M’F. & P. of Carpenter and Smith, of Camden. This debt was due to the partnership of Alexander M’F. (and Wells,) but was appropriated by M’F. 8c P. to their own use. The single question then is, have complainants under the circumstances of this case, the right contended for, or must they, as is insisted on by defendants, come in as other creditors for a dividend of the estate of M’F. 8c P. It was proved at the hearing of this case, that what was taken from the partnership of M’F. & W. & carried by him into that of M’F. Sc Player, was in money.
Sailet and Desaussure and FoRD for complainant.-
Pringle for defendant.
This has no ear mark, by which it can be traced or de-' signaled. No lien can specifically attach upon it. it ^ not tangible as goods or the like. It has not been proved, that M’F. ever took the copartnership goods of. M’F.g. Wells, and carried them into the* stock' of M’F. &. P« The sums appropriated by M’F. were in money, ready cash, which it is impossible to identify in the funds of M’F. & P. M’F. & P. have become bankrupts, and their estate has passed into the hands of assignees, -and as the case stands, we cannot say that complainants have a higher equity than their other creditors. They can only come in on the footing of general creditors of M’F. & Player.